

**UNITED STATES DISTRICT COURT**
**S OUTHERN DISTRICT OF NEW YORK**

MUSA AL SHEIKH,
S OUAD ABBAS ALJALAL,
AMRO ALSHEIKH,
MONIA ALSHEIKH,

Plaintiffs,

-against-

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; DEPARTMENT
OF HOMELAND SECURITY; ERIC HOLDER,
in his official capacity as Attorney General of the
United States; JEH JOHNSON, Secretary of the
Department of Homeland Security; LEON
RODRIGUEZ, Director, U.S. Citizenship and
Immigration Services;

Defendants

Index No: ___cv_____(    )

PETITION FOR
WRIT OF MANDAMUS



COME NOW the Plaintiffs, Musa Al Sheikh, Souad Abbas Aljalal, Amro Alsheikh, and Monia
Alsheikh, and for their Complaint against the Defendants, allege as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to the following provisions: 28 U.S.C.
   § 1331 (because questions of federal law are present); 5 U.S.C. § 701 et seq.
   (Administrative Procedure Act), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

2. This Court also has jurisdiction to issue a writ of mandamus to compel agency action
   under 28 U.S.C. § 1361 as the Plaintiffs' claims are against officers and employees of the
   United States and agencies thereof.

3. There are no administrative remedies available to Plaintiffs to redress their grievances
   described in this Complaint. This action challenges the Defendants' procedural policies,
   practices, interpretations of law and their failures to act, not the discretionary granting or
   denial of individual petitions or applications. Therefore, the jurisdictional limitations
   under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 on

the following grounds: (1) the plaintiffs reside in this judicial district, or the defendants are officers or employees of the United States or agencies in the United States who are sued in their official capacity for their acts under the color of legal authority (28 U.S.C. § 1391 (e)(1)); (2) acts or omissions giving rise to this petition occurred in this judicial district (28 U.S.C. § 1391 (e)(2)); and (3) no real property is involved (28 U.S.C. § 1391 (e)(3)).

## PARTIES

5.  Plaintiff Musa Al Sheikh (hereinafter "Plaintiff Musa Al Sheikh"), is a citizen of the United States of America, the husband of Plaintiff Souad Abbas Aljalal, and the father of Plaintiffs Amro Alsheik, and Monia Alsheikh. He resides in New York, New York.

6.  Plaintiff Souad Abbas Aljalal (hereinafter "Plaintiff Souad Abbas Aljalal") is a citizen of Yemen and is the wife of Plaintiff Musa Al Sheikh. She is a principal beneficiary in this action.

7.  Plaintiff Amro Alsheikh (hereinafter "Plaintiff Amro Alsheikh") is a citizen of Yemen and is the child of Plaintiff Musa Al Sheikh. Plaintiff Amro Alsheikh is a principal beneficiary in this action.

8.  Plaintiff Monia Alsheikh (hereinafter "Plaintiff Monia Alsheikh") is a citizen of Yemen and is the child of Plaintiff Musa Al Sheikh. Plaintiff Monia Alsheikh is a principal beneficiary in this action.

9.  Defendant Eric Holder is the Attorney General of the United States and as such is the head of the United States Department of Justice and the chief law enforcement officer of the federal government. The Attorney General has the authority to adjudicate applications concerning immigration matters. The Attorney General is also ultimately responsible for the FBI, a subdivision of the Department of Justice. Mr. Holder is being sued in his official capacity as the Attorney General of the United States.

10. Jeh Johnson is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity. DHS is the agency responsible for implementing the Immigration and Nationality Act ("INA"). He is generally charged with the enforcement of the Immigration and Nationality Act and is responsible for implementing the provisions of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

11. Defendant Leon Rodriguez is the Director of the United States Citizenship and Immigration Services (USCIS), and agency within the DHS to which the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendant Director is generally charged with the overall administration of immigration benefits and immigration services. 8 C.F.R. §100.2(a).

12. Defendant Department of Homeland Security is the Agency with overall responsibility for immigrant applications, including coordinating the timely completion of background checks with the Federal Bureau of Investigations.

13. Defendant United States Citizenship and Immigration Services is a bureau within the Department of Homeland Security, and is the agency with direct responsibility for adjudicating immigrant applications.

## STATEMENT OF FACTS

14. Plaintiff Musa Al Sheikh is the Petitioner for Plaintiffs Souad Abbas Aljalal, Amro Alsheikh, and Monia Alsheikh, as the principal beneficiaries, on I-130 Petitions for Alien Relative, which were filed on September 12, 2010.

15. Plaintiffs received additional evidence requests on October 19, 2012, requesting information to substantiate their claims of familial relationships, as the Yemeni marriage and birth certificates provided were not deemed to be sufficient. Plaintiffs complied with

these requests.

16. On September 25, 2014, Plaintiffs contacted USCIS to enquire as to the status of their cases, as they fell significantly out of normal processing time.  They were informed that their cases were still pending.

17. Plaintiffs Musa Al Sheikh, Souad Abbas Aljalal, Amro Alsheikh, and Monia Alsheikh, have exhausted all administrative options for relief. To date, the Defendants have failed to complete administrative processing and adjudicate the Plaintiffs' immigrant visa applications.

## INJURY TO PLAINTIFFS

18. Defendants' failure to adjudicate the Plaintiffs' Immigrant Visa applications is not a discretionary decision. It is a willful act of the agency in abrogation of their duty to adjudicate the immigrant visa application and render a final decision. See *8 C.F.R. 42.81(a)*; see also *Patel v. Reno*, 134 F.3d at 932 ("A consular office is required by law to act on visa applications.")

19. Defendants' actions have caused Plaintiff Musa Al Sheikh severe emotional and financial hardship.

20. Defendants' actions have caused Plaintiff Souad Abbas Aljalal severe emotional and financial hardship.

21. Defendants' actions have caused Plaintiff Amro Alsheikh severe emotional and financial hardship.

22. Defendants' actions have caused Plaintiff Monia Alsheikh severe emotional and financial hardship.

23. Defendants' actions unlawfully infringe upon Plaintiff Musa Al Sheikh's liberty interests to make personal choices with regard to family matters free from unjustifiable government interference in violation of Plaintiff Musa Al Sheikh's right to substantive

4

due process guaranteed by the Fifth Amendment of the United States Constitution.

24. Defendants' actions unlawfully infringe upon Plaintiff Musa Al Sheikh's interest in having his wife and children's Immigrant Visa application adjudicated in a manner consistent with his constitutionally protected procedural due process interests.

25. The injury suffered by Plaintiff Musa Al Sheikh is caused by the willful failure of the Defendants to adjudicate the Immigrant Visa Applications and schedule interviews, as is their duty.

26. The injury suffered by Plaintiff Souad Abbas Aljalal is caused by willful failure of the Defendants to adjudicate the Immigrant Visa Application and schedule an interview.

27. The injury suffered by Plaintiff Amro Alsheikh is caused by willful failure of the Defendants to adjudicate the Immigrant Visa Application and schedule an interview.

28. The injury suffered by Plaintiff Monia Alsheikh is caused by willful failure of the Defendants to adjudicate the Immigrant Visa Application and schedule an interview.

29. So long as the Defendants continue their failure to adjudicate the Plaintiffs' Immigrant Visa Applications and schedule interviews, they will not be issued a decision on their Immigrant Visa Applications and the Plaintiffs will continue to suffer injury.

30. The injury suffered by the Plaintiffs will be redressed if they prevail in this writ of mandamus.

31. Plaintiffs have taken all administrative acts available to seek redress for their injuries.

## COUNT ONE
### Mandamus Act
### 28 U.S.C. § 1361; 28 U.S.C. § 1651
### (As to all Defendants)

32. The allegations set forth in Paragraphs 1 through 31 are repeated and incorporated as if fully set forth herein.

33. Defendants are severally and jointly charged with the mandatory responsibility to

administering and implementing the Immigration and Nationality Act (INA).

34. Defendants each severally and jointly bear responsibility for timely adjudication of applications for visas and for orderly attendant procedures such as administrative processing.

35. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

36. Plaintiffs have a clear right to have their Immigrant Visa Application adjudicated pursuant to the INA.

37. The Defendants owe a duty to complete processing of the application for an immigrant visa and render a decision which Defendants have failed to perform. This duty is owed under the INA, APA, and regulations, as well as, by charging a filing fee - which was properly paid. By accepting payment, the Defendant's created an obligation to process and adjudicate Plaintiffs' application for an Immigrant Visa and schedule an interview.

38. Plaintiffs have exhausted any administrative remedies that may exist and there exists no other adequate remedy.

39. The injury of the Plaintiffs will be redressed by compelling the Defendants to adjudicate the Immigrant Visa Applications and schedule interviews.

40. The Defendants each severally and jointly have the authority and jurisdiction required to adjudicate the Plaintiffs' Immigrant Visa Applications and schedule interviews.

41. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiffs. (28 U.S.C. § 1361)

42. Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiffs so that they may be promptly informed of the outcome of their Immigrant Visa application by scheduling interviews.

<u>COUNT TWO</u>
**Second Claim for relief – Administrative Procedures Act**
**(5 U.S.C. § 555; 5 U.S.C. § 701 et seq.)**
**(As to all Defendants)**

43. The allegations set forth in Paragraphs1 through 42 are repeated and incorporated as if fully set forth herein.

44. Defendants' practices, interpretations of law, conduct and failure to act violate the *Administrative Procedures Act,* as the alleged agency action is:

   a.   "unlawfully withheld or unreasonably delayed," under 5 U.S.C. § 706(1);

   b.    not concluded "[w]ith due regard for the convenience and necessity of the parties... and within a reasonable time," under 5 U.S.C. § 555(b);

   c.   "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with  law," under 5 U.S.C. § 702(2)(A); and

   d.   "without observance of procedures required by law," under 5 U.S.C.§706(2)(D).

45. By failing to render timely action on the Plaintiffs' applications for an Immigrant Visa and failing to schedule interviews, Defendants have severally and jointly violated the *Administrative Procedures Act* and this constitutes agency action that is arbitrary and capricious, and not in accordance with law.

46. This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed". *See Also Villa v. DHS,* 607 F.Supp.2d 359, 365 (N.D.N.Y 2009)(APA § 555(b) requires USCIS to adjudicate applications within a reasonable time).

47. Defendants are severally and jointly required by 8 C.F.R. § 42.81(a) to provide the Plaintiffs a decision, and they have failed to do so within a reasonable time, instead failing to schedule the cases for interviews for adjudication. Plaintiffs' applications for an

7

Immigrant Visa have been pending for four and a half years, well outside the normal processing time of USCIS, and an unreasonable amount of time.

48. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

## COUNT THREE
### Declaratory Judgment Act
### (As to all Defendants)

49. The allegations set forth in Paragraphs1 through 48 are repeated and incorporated as if fully set forth herein.

50.  Plaintiffs contend that Defendants' actions and decisions relating to delays in adjudication of this application for an Immigrant Visa and attendant procedures violate the INA and federal regulations, and the delays are arbitrary and capricious

51. Plaintiffs seek a declaration to that effect under 28 U.S.C. § 2201 as the Defendants have severally and jointly failed to discharge their mandated official duties.

52. As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damage entitling them to declaratory, injunctive and other relief.

## COUNT FOUR
### (Equal Access to Justice Act)
### (5  U.S.C. § 504; 28 U.S.C. §2412)

53. The allegations set forth in Paragraphs1 through 52 are repeated and incorporated as if fully set forth herein.

54.  If Plaintiffs prevail, they will seek costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

8

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the Court to grant the following relief:

A. Declare that the failure of Defendants to adjudicate Plaintiffs' Immigrant Visa Applications and scheduled interviews was arbitrary and capricious pursuant to 28 U.S.C. § 2201.

B. Mandate that the Defendants adjudicate and schedule interviews on the Plaintiffs' Immigrant Visa Applications within thirty days or any other such time as the Court deems reasonable.

C. Award reasonable costs and attorneys' fees; and

D. Grant other such relief as the Court may deem just and proper.

Dated: March 25, 2105

By: _____
JULIE A. GOLDBERG, ESQ.
Goldberg & Associates
314 West 231st Street
Suite 447
Bronx, NY 10463
(718)432-1022
(718)432-1044(facsimile)
*Attorney for Plaintiffs*

9